## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
## CENTRAL DIVISION

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 7 |
| | ) | Case No. 17-40743-CJP |
| LARRY FRANCIS ROGERS AND | ) | |
| MAE ENCARNADO ROGERS | ) | |
| | ) | |
| Debtors | ) | |
| | ) | |

## MEMORANDUM OF DECISION

Before the Court is the *Motion to Default Debtors (sic) and Dismiss under Fed. R. Civ. P.*
*16(f), 37, and 41(b) for Failing to Appear at Depositions and Other Violations* [Doc. No. 353]

(the "Dismissal Motion"), as supplemented by Docket Nos. 354 and 378 (the "Supplements")

filed by the City of Framingham ("Framingham"). No objection to the Dismissal Motion having

been timely filed by Larry Francis Rogers (the "Debtor" or "Mr. Rogers") in accordance with the

Order at Docket No. 355 establishing a response deadline of April 13, 2018; Framingham having

filed a certification [Doc. No. 370] (the "Certification") that the Debtor did not pay the monetary

sanction due in accordance with the Order at Docket No. 311 (the "Sanctions Order") entered

with respect to a prior motion brought by Framingham under Fed. R. Civ. P. 37(b)(2); and after

taking judicial notice of and considering the docket and record in this case, with due cause

appearing, the Court hereby grants the Dismissal Motion and denies the Debtor's *Preliminary*

*Motion for Contempt for Violation of Stay* [Doc. No. 20] ("Preliminary 362(k) Town[1] Motion"),

---

[1] "Town" and "City" are used interchangeably to refer to Framingham in this matter as Framingham
appeared initially as the "Town of Framingham" and subsequently filed pleadings as the "City of
Framingham."

as supplemented by the filing at Docket No. 155 (collectively, the "362(k) Town Motion").  Mr.

Rogers, *inter alia*, failed to (i) appear at a deposition scheduled by order of the Court; (ii) appear

at several hearings and case management conferences without being excused by the Court; (iii)

pay sanctions or appear at a second deposition as ordered by the Court pursuant to the Sanctions

Order, notwithstanding this Court's warning that failure to comply with the Sanctions Order

would result in dismissal of Mr. Rogers's claims against Framingham; and (iv) file an opposition

to the Dismissal Motion.  As will be discussed in detail below, after considering the totality of

the circumstances, denying the 362(k) Town Motion is the appropriate sanction to address Mr.

Rogers's conduct in this contested matter.

## I.   FACTS AND TRAVEL OF THIS CASE

Although the procedural history regarding the 362(k) Town Motion and Mr. Rogers's

conduct in the context of that contested matter is central to the Court's determination of the

Dismissal Motion, an overview of the history of this case is useful to understand the Court's

consideration of the totality of the circumstances in determining an appropriate sanction for Mr.

Rogers's failure to comply with discovery orders entered by this Court.   Mr. Rogers's acts and

omissions in this case demonstrate his willful evasion of, indifference to, or inability to

comprehend the Court's role in adjudicating disputes among parties with respect to matters over

which it has jurisdiction and the requirements imposed by the discovery process with respect to

contested matters.

On April 24, 2017, Mr. Rogers, along with joint debtor, Mae Encarnado Rogers (Mr.

Rogers, together with Mrs. Rogers, the "Debtors") filed a petition under Chapter 7 of Title 11 of

the United States Code, 11 U.S.C. §§ 101, *et seq*., as amended (the "Bankruptcy Code").[2] The

Debtors were granted a discharge on August 11, 2017.

On June 9, 2017, Framingham filed a *Motion for an Order that the Town is not Subject to*

*(or, in the Alternative, for Relief from) Automatic Stay* [Doc. No. 14] (the "Motion for Relief").

The Court scheduled a hearing for June 14, 2017 (the "June 14 Hearing").  Through the Motion

for Relief, Framingham sought a determination that it was "not subject to the automatic stay for

purposes of adjudicating and collecting fines issued pursuant to G.L. c. 40, § 21D and otherwise

seeking enforcement remedies in connection with the violation of the Town's bylaws" or,

alternatively, relief from stay "pursuant to 11 U.S.C. [§] 362(b)(4), to allow the Town to pursue

such fines and enforcement remedies." Mot. for Relief 1.  Framingham had issued violation

notices, which amounted to approximately $600 in asserted fines when interest was included,

copies of which were attached to the Motion for Relief.  *See id*., Ex. B. In the Motion for Relief,

Framingham referenced a proceeding pending before the Framingham District Court against Mr.

Rogers (the "State Court Action") relating to enforcement of pre-petition nuisance ordinance

fines. Framingham represented in the Motion for Relief that there was a hearing scheduled in the

State Court Action for June 22, 2017, *see id*. ¶ 5, and sought relief from the automatic stay, to the

extent necessary, to proceed with that matter.

The Debtors filed a *Preliminary Objection to Emergency Motion By Town of*

*Framingham, MA* [Doc. No. 19] prior to the June 14 Hearing and an objection in open Court at

that hearing [Doc. No. 23] (collectively, the "Objections"). On June 13, 2017, the Debtors filed

their Preliminary 362(k) Town Motion, which the Court scheduled for a preliminary status

conference at the time as the June 14 Hearing.  *See* Notice of Status Conference at Doc. No. 21.

---

[2] Unless otherwise noted, all section references herein are to the Bankruptcy Code.

Initially, the Debtors asserted that Framingham had commenced the State Court Action solely to collect a debt after it had received notice of the bankruptcy filing in violation of the automatic stay.  The Debtors also asserted that Framingham violated the automatic stay by continuing a hearing in the State Court Action and by filing its Motion for Relief.

The Debtors appeared at the June 14 Hearing on the Motion for Relief.  Mr. Rogers took the position that there was no "emergency" that warranted Framingham being permitted on shortened notice to proceed with the State Court Action and that such proceeding was merely a collection action that was subject to the stay, as opposed to a "police" or "regulatory" action as to which the stay would not apply.  *Compare* 11 U.S.C. § 362(a) *with* § 362(b)(4).  At the hearing, Mr. Rogers made clear that he believed that the State Court Action was part of an ongoing effort by Framingham's building inspection department to harass him.  Eventually, as the case progressed, Mr. Rogers's harassment allegations expanded to include references to events that Mr. Rogers relates to allegations that he made in or about 2010 that he had been beaten while in custody by Framingham's police department.

At the June 14 Hearing, the Court declined to grant relief from the automatic stay on an expedited basis regarding the prepetition fines, agreeing with the Debtors that there was no good cause for expedited determination.  *See* Ord. at Doc. No. 28, ¶ 4.  The Court concluded that, until the purpose of the State Court Action could be more fully developed on the record, a further hearing would be necessary to consider whether the automatic stay provisions applied to the collection of the pre-petition fines. *See id*. The Court granted limited relief from stay to the extent necessary to permit Framingham to request a continuance of the scheduled hearing in the State Court Action. *See id*. ¶ 5. The Court scheduled a further hearing to determine whether the

4

automatic stay applied to the State Court Action and, if so, whether relief from the automatic stay

should be granted. *See id.* ¶ 4; Ord. at Doc. No. 26.

In its order,[3] the Court also confirmed that, pursuant to § 362(b)(4), Framingham could

pursue state law remedies to enforce its nuisance by-laws for post-petition violations if acts were

taken within its police and regulatory powers. *See* Ord. at Doc. No. 28, ¶¶ 1-3. At the June 14

Hearing, the Court attempted to simplify the issues before the Court and more clearly define or

eliminate any pressing concerns relating to the "police" or "regulatory" aspect of Framingham's

code enforcement actions by arranging for a voluntary inspection of the Debtors' property to

ensure no continuing alleged violations of Framingham's nuisance by-laws. If those issues were

addressed, the record would be clear that the Motion for Relief related solely to the collection or

enforcement of fines in the State Court Action, which would be subject to the stay only if

pecuniary in nature.  *See, e.g., McMullen v. Sevigny (In re McMullen)*, 386 F.3d 320, 325 (1st

Cir. 2004) (internal citations omitted) (holding that "[C]ourts have devised two interrelated, fact-

dominated inquiries – the so-called 'public policy' and 'pecuniary purpose' tests – for assessing

whether a particular governmental proceeding comes within the subsection 362(b)(4) exception.

---

[3] After the June 14 Hearing, the Debtor asserted that the Court and Framingham engaged in *ex parte* communications in the case when the Court directed Framingham to submit a proposed form of order on the Motion for Relief to the Court's "proposed order" e-mail address, which required the Debtors to be copied on the transmission, *see* Order at Docket No. 26, and on which e-mail transmission the Debtors were copied. In subsequent motions, the Debtors again raised their unsubstantiated suspicions regarding *ex parte* communications.  When Mr. Rogers was presented with an opportunity during a hearing on September 13, 2017 (the "Sept. 13 Hearing"), to identify a factual basis supporting the Debtors' assertions regarding purported *ex parte* communications by Framingham with the Court, Mr. Rogers declined to do so. *See* Tr. Sept. 13 Hr'g at Doc. No. 138, 2:25–4:25. At the Sept. 13 Hearing in response to a question by the Court asking the Debtors if they had any factual basis for their assertions that there are *ex parte* communications in this matter, despite the Court's explanation in orders, including the Order entered at Docket No. 105, that such communications are only appropriate in very limited circumstances and that there had been none in this matter, Mr. Rogers responded:  "I don't have to state them. I've already stated evidence that -- . . . I've already stated the evidence and I'm not going into a discussion with you about them. I'm going to go ahead with a judicial complaint and I'm going to go ahead with another complaint about, against Peter Mello. I'm also going to expose this entire process. If you don't want me to do that, you have what my terms are." *Id*. at 3:15–23.

These inquiries contemplate that the bankruptcy court, after assessing the totality of the circumstances, determine whether the particular regulatory proceeding at issue is designed primarily to protect the public safety and welfare, or represents a governmental attempt to recover from property of the debtor estate, whether on its own claim, or on the nongovernmental debts of private parties"); *Spookyworld, Inc. v. Town of Berlin (In re Spookyworld, Inc.)*, 346 B.R. 1, 9 (1st Cir. 2003) (noting that government had no pecuniary interest in enforcing building code). Mr. Rogers declined to commit to a specific time for an inspection during the June 14 Hearing.

The Court held a continued hearing on the Motion for Relief and the Preliminary 362(k) Town Motion on August 8, 2017 (the "August 8 Hearing"), at which hearing Framingham withdrew its Motion for Relief and stated on the record that it would be dismissing the State Court Action and it was not seeking to collect any prepetition fines from the Debtors.[4]  The Debtor stated at the August 8 Hearing and subsequent hearings and in pleadings that further grounds existed for relief under 362(k), including for damages arising from an alleged police incident in June 2017.[5]  The Court established a deadline of August 31, 2017 for the Debtors to supplement their Preliminary 362(k) Town Motion to assert all alleged violations of 362(k) so that Framingham could respond and the Court could then schedule a case management conference, *see* Ord. at Doc. No. 63, which deadline the Court later extended at the request of the Debtors, *see, e.g.*, Ord. at Doc. No. 78.  The Debtors also filed an *Emergency Motion for*

---

[4] Framingham withdrew its Motion for Relief without prejudice to its asserted position that the automatic stay did not operate to stay the State Court Action, a position Framingham has consistently maintained. *See, e.g., Opposition to Debtor's Motion for Summary Judgment, and Cross-Motion For Summary Judgment* at Doc. No. 287 (the "Cross-Motion for Summary Judgment").

[5] The hearing was contentious, and at one point the Court warned Mr. Rogers to address his arguments directly to the Court after he turned and leered toward counsel to Framingham. *See* Tr. Aug. 8 Hr'g at Doc. No. 137, 38:4–9.

*Sanctions and Other Relief (Rule 9011)* [Doc. No. 61] (the "Rule 9011 Motion"), which the

Court denied because of procedural defects, but reserved for future determination whether

sanctions by the Court against Framingham might be appropriate after evidence was developed

in connection with the 362(k) Town Motion. *See* Ord at Doc. No. 68.

Before filing a supplement to the Preliminary 362(k) Town Motion, however, the Debtors

filed numerous motions for discovery and clarification related to both the Preliminary 362(k)

Town Motion and the order denying the Rule 9011 Motion.  At one point, over the span of three

business days, the Debtors filed ten motions, including multiple clarification requests of the

Court's Order at Docket No. 68, almost all filed as requests for emergency determination that did

not include allegations regarding the nature of the emergency. *See* Mots. at Doc. Nos. 71-77, 80-

82; MLBR 9013-1(g). The Court admonished the Debtors for submitting duplicative requests for

the same relief without clearly identified changed circumstances in the context of discovery

related motions, *see, e.g.,* Ord. at Doc. No. 95, cautioning that:

> While latitude has been given to the Debtors because they are *pro se* in order to
> permit them to come to an understanding regarding the requirements of notice
> pleading and appropriate timing for the potential to conduct discovery with
> respect to material facts that may be in dispute, the Court has previously
> explained that a discovery conference will be conducted when facts in dispute
> have been identified after the Debtors supplement their 362(k) Motion and a
> response has been filed by the Town. The Court will then hear the parties on the
> appropriate scope and timing of a discovery plan. The repeated requests for
> discovery at this juncture are premature because the deadline for the Debtors to
> supplement their 362(k) Motion is September 22, 2017 and the Town's response
> deadline regarding the supplement is October 6, 2017.

Ord. at Doc. No. 95, 1.  The Debtors continued to resist the Court's procedural orders and

admonitions at conferences and hearings that they must assert any further claims in a supplement

to the Preliminary 362(k) Town Motion prior to commencing discovery on those claims so that

the scope of discovery could be established and an appropriate case management order could enter.[6] *See, e.g.,* Ord. at Doc. No. 133 (denying Debtors' fifth motion for discovery).

The Debtors also filed requests for summary judgment prior to filing their supplement to the Preliminary 362(k) Town Motion. *See, e.g.* Ord. at Doc. No. 147, 1-2 (noting that the summary judgment motion [Doc. No. 146] contained "general allegations appearing to suggest to the Debtors that [Framingham] has engaged in a pattern of harassment perhaps 'targeting people that were found not guilty of . . . false charges' brought by the Town's police department [and] alleg[ing] instances of purported interference with mail and water meter equipment, police interactions with Mr. Rogers, and altercations with neighbors in a numbered list attached as an exhibit to the [motion]."). The Debtors were reminded that, while they may "believe the alleged violation of the automatic stay in relation to the Framingham District Court action is part of a broader pattern of harassment, [it also appeared] that the other alleged activities noted by the Debtors may relate to a pattern of general harassment as opposed to collection of a prepetition debt[,]" and that "11 U.S.C. § 362(k) affords relief in the form of damages for specific acts in violation of the automatic stay, not more generalized harassment or civil rights claims with respect to which this Court likely does not have jurisdiction and which should more appropriately be brought in a different forum." *Id*. at 2.

---

[6] The Court did, nonetheless:

> remind[] all parties that the Town is on notice that the Debtors have asserted or intend to assert claims relating to alleged violations of the automatic stay and that each party must preserve potential evidence in its possession, custody, or control, including electronically stored information or risk sanctions for spoliation as contemplated by the rules of Civil Procedure. The Court would expect counsel to the Town to have conferred with the Town regarding an appropriate "litigation hold" and its obligations to preserve evidence relevant to claims with respect to which the Town should have notice. The Debtors have similar obligations.

Ord. at Doc. No. 95.

Framingham dismissed the State Court Action and filed an affidavit at Docket No. 116

advising the Court.  The service made upon the Debtors by e-mail regarding that affidavit

apparently precipitated a series of e-mails from Mr. Rogers that resulted in the filing of

Framingham's *Motion for Sanctions for Threat by Debtor* [Doc. No. 117] and the two

supplements thereto [Doc. Nos. 122 and 123] (collectively, the "E-mail Sanctions Motion"),

pursuant to which counsel to Framingham indicated he felt threatened by a statement in one of

the emails from Mr. Rogers stating "I'm coming to get you."  The Court issued an order to show

cause directed to Mr. Rogers [Doc. No. 119] (the "Show Cause Order") on September 22, 2017,

whereby the Court ordered Mr. Rogers to show cause why this Court should not sanction him for

his litigation conduct.[7] The Debtors sought to strike the E-mail Sanctions Motion and asked the

---

[7] The Show Cause Order and E-mail Sanctions Motion were originally scheduled for hearing on October 6, 2017, but based upon representations made by Mr. Rogers in a *Motion for Continuance* [Doc. No. 141] and the *Motion for Relief/Continuance/Illness* [Doc. No. 142] filed the day before the hearing, regarding medical issues and his inability to attend, the Court rescheduled the hearings and extended Mr. Rogers's deadline to respond to the Show Cause Order, as well as for the Debtors to file their outstanding supplement to the Preliminary 362(k) Town Motion. *See* Ord. at Doc. No. 143, 1-2. Further, the Court directed Mr. Rogers to "file, under seal in accordance with MLBR 9018-1, evidence of his medical condition (for example, a letter from the Debtor's medical provider), the date of his hospitalization, and his need for continuing testing and care." Ord. at Doc. No. 143, 1-2. Mr. Rogers never timely or fully complied with that order and a show cause order issued with respect to noncompliance with the Ord. at Docket No. 143 as well (the "Continuance Show Cause Order"). *See* Ord. at Doc. No. 184.  When the Debtors sought to continue a number of hearings scheduled for November 20, 2017 due to travel plans out of state, the Court granted the motion with respect to the request to continue certain status conferences, but conditionally denied the request with respect to evidentiary hearings scheduled regarding the Show Cause Order and the Continuance Show Cause Order directed to Mr. Rogers, unless he submitted documentary evidence of his travel and dates on which tickets were purchased.  The Court ultimately rescheduled those matters as well based upon a subsequent representation by the Debtor in another motion that he was departing November 17, 2017. *See* Ords. at Doc. Nos. 192, 194.  The hearings were continued to December 12, 2017. *See id*. On December 11, 2017, the Debtors filed an *Emergency Motion for Continuance* [Doc. No. 202], stating the "Court has no right to make any further demands we Show Cause" and stating a belief that "[t]he Order to Show Cause was answered" and "the Debtors will not attend a hearing with a hostile Judge," Emergency Mot. for Continuance 1, which motion was denied, *see* Ord. at Doc. No. 203. At the December 12 Hearing, based on a representation by Mr. Rogers that he would file a response to the Continuance Show Cause Order under seal in accordance with MLBR 9018-1 on or before December 27, 2017 and the hearing on that show cause order was continued generally. *See* Ord. at Doc. No. 214. Mr. Rogers did not file a further response in accordance with the Order at Docket No. 214.

Court to "reconsider and withdraw" its Show Cause Order pursuant to an *Emergency Motion for Reconsideration* [Doc. No. 165], which was denied. *See* Ord. at Doc. No. 185. Mr. Rogers failed to file a response as required by the Show Cause Order, but filed a *Motion for Sanctions (Rule 9011, Rule 11)* [Doc. No. 197], which was scheduled for a preliminary hearing, along with a number of other matters, for December 12, 2017 (the "December 12 Hearing"). *See* Ord. at Doc. No. 200.[8]

After the December 12 Hearing, at which Mr. Rogers "testified that (i) he had a medical condition on the date of the September 20, 2017 email to Peter L. Mello, counsel to the Town, which e-mail is an exhibit to the motion at Docket No. 117; (ii) he does not recall sending that email, although he confirmed beginning to type the e-mail and that it was his e-mail address in the sender line of the e-mail; (iii) he did not intend any communication as a threat to Attorney Mello, (iv) he had never knowingly been physically near Attorney Mello or his office except when in Court and (v) he was willing to have an order enter prohibiting him from being in physical proximity to Attorney Mello[,]" Ord. at Doc. No. 219, 1, the Court issued an order providing that "[t]o the extent Mr. Rogers sends or otherwise communicates to Attorney Mello any words or other gestures that the Court determines could be interpreted as a physical or other inappropriate threat, sanctions shall issue, including monetary sanctions per communication, or the Court may enter further orders providing other appropriate remedies, such as denial of the pending 362(k) [Town Motion]." *Id.* at 2.

---

[8] Pursuant to the scheduling order entered with respect to the motion at Docket No. 197, the Debtors were "advised that the Court will not construe the Motion as a response to either of the outstanding show cause orders (Docket No. 119 and 184) (collectively, the 'Show Cause Orders') and are cautioned that Mr. Rogers may be found to have willfully failed to respond the Show Cause Orders, see Order (Docket No. 192), ¶ 4, which responses should have been timely filed by separate pleadings specifically identifying the Show Cause Order to which any response was being made and, to the extent evidence in support of any response contained sensitive information, under seal in accordance with MLBR 9018-1." Ord. at Doc. No. 200, 2.

When the Show Cause Order issued, the Debtor, initially jointly with Mrs. Rogers, filed a number of requests that this Court recuse itself from hearing this matter. *See, e.g.*, Mots. at Doc. Nos. 124, 209. In their initial recusal motion [Doc. No. 124], which the Court denied at Docket No. 129, the Debtors appeared to view the issuance of an order to show cause directed to Mr. Rogers as demonstrating the Court's partiality and attempted to use their recusal request in an inappropriate manner, "mov[ing] for recusal or the beginning of negotiations." Mot. at Doc. No. 124, 2. The Debtors implied that the Court and Framingham should be involved in a "negotiation" with them and that the Debtors would "harm" the Court and Framingham by using "leverage" purportedly about "the process" that the Debtors viewed as a "bargaining chip with a short fuse." *Id*. at 1.

On October 16, 2017, the Debtors filed a *Motion for Contempt for Violation of Stay* [Doc. No. 155], which the Court construed as their supplement to the Preliminary 362(k) Town Motion. *See* Ord. at Doc. No. 157. The Debtors also filed additional discovery motions related to their 362(k) Town Motion. In those motions, the Debtors alleged that Framingham (later with the purported assistance of the Court) was taking actions to harass and endanger the Debtors. The Court issued an order noting that the Debtors' allegations appeared "to relate to potentially ongoing unlawful acts that should be reported by the Debtors to the postal inspector or other appropriate law enforcement agency." Ord. at Doc. No. 186, 1. The Court also reminded the Debtors that the Court "is a Court of limited jurisdiction and criminal complaints cannot properly be pursued in this forum[,]" and "[f]or this same reason, the Debtors' references to 'warrants' that they hypothesize may have been issued by this Court are nonsensical." *Id*. (denying *Emergency Motion for (Immediate) Discovery* [Doc. No. 176]).

At the December 12 Hearing, the Court also held a discovery conference regarding the 362(k) Town Motion, at which Mr. Rogers and counsel to Framingham each appeared. At that hearing, the parties addressed the parameters of proportional discovery in this matter for consideration by the Court, including document production and the scope of depositions to be taken and agreed to the bifurcation of the 362(k) Town Motion into liability and damages phases. The Court subsequently issued a *Scheduling Order Regarding Contested Matter* [Doc. No. 221], as supplemented by Docket No. 229 (collectively, the "Case Management Order"), addressing Phase I of the bifurcated schedule[9] regarding "whether the Respondent is liable for violations of the automatic stay with respect to acts occurring between the April 24, 2017 (the 'Petition Date') through August 8, 2017." Case Management Ord. 1. The Case Management Order set forth various deadlines for completion of discovery and categories of discovery sought by the parties that the Court determined would be proportional based on the contested matter at issue. The discovery deadline for Phase I of the contested matter was set for February 28, 2018. Additionally, the Court set a dispositive motion deadline of March 16, 2018 and scheduled a further telephonic case management conference for February 8, 2018 and a two-day evidentiary hearing for April 17 and 18, 2018. *See id.* at ¶¶ 6, 9, 12, 13.  The order also provided that "[t]he provisions of Rules 16 and 26 of the Federal Rules of Civil Procedure ('Fed. R. Civ. P.'), as made applicable to bankruptcy proceedings by Rules 7016 and 7026 of the Federal Rules of

---

[9] Phase II, which only became applicable if the Debtors prevailed on the question of liability, consisted of the issue of whether the Debtors "have sustained actual damages, including emotional distress damages to the extent applicable against a governmental unit." Case Management Order 1. The Case Management Order provided that "[i]f the case proceeds to Phase II, parties will be expected to brief whether this Court may consider or award damages for claimed emotional distress or punitive damages as it appears they may be precluded. *See* 11 U.S.C. § 106(a)(3), *see also, e.g., Duby v. United States (In re Duby)*, 451 B.R. 664, 671, 673, 678 (B.A.P. 1st Cir. 2011) (affirming bankruptcy court holding that emotional distress damages for violations of the automatic stay are not available against a governmental unit and noting that 11 U.S.C. § 106(a)(3) bars an award of punitive damages against a governmental unit)." *Id.* at 1-2.

Bankruptcy Procedure ('Fed. R. Bankr. P.'), except Fed. R. Civ. P. 26(f), shall apply in this contested matter unless the Court orders otherwise in a subsequent order." *Id*. ¶ 1.

On January 9, 2018, the Debtors moved again for summary judgment, *see* Mot. at Doc. No. 225, which motion the Court denied at Docket No. 230, explaining that the motion was both "procedurally improper for failing to 'include a concise statement of material facts of record as to which the moving parties contend there is no genuine issue to be tried, with page references to affidavits, depositions and other documentation' as required by D. Mass. LR 56.1, made applicable by MLBR 7056-1" and that the non-moving party "is entitled to take discovery in order [to] oppose the Debtors' factual assertions in the Motion and the Court may . . . deny a motion for summary judgment on that basis." Ord. at Doc. No. 230.

On February 6, 2018, the Debtors filed an *Emergency Motion For Summary Judgment* [Doc. No. 236] (the "Summary Judgment Motion"), which was denied in part to the extent an emergency hearing or expedited consideration was requested and it sought "removal" or "disqualification" of counsel to Framingham from representing that party. *See* Ord. at Doc. No. 237, 1.[10] With respect to the request for summary judgment itself, given that (i) the document production deadline had expired pursuant to the Case Management Order prior to the Debtors' filing of the Summary Judgment Motion and (ii) the Debtors appeared (a) to wish to rely only on the record recited in the motion itself as the deposition deadline has not yet expired and (b) to seek summary judgment only with respect to certain discrete issues, the Court established a response deadline for the Summary Judgment Motion and directed that the Debtors would not be

---

[10] With respect to the removal request, the Court declined to impose such an extraordinary remedy, particularly when the Debtors' request was "based on unproven allegations of intentional fraud on the Court arising primarily from a statement made in [the Motion for Relief], the general subject matter of which the Court addressed on the record [at the June 14 Hearing] and declined to grant" Framingham the immediate relief from the automatic stay it was seeking in relation to the pending State Court Action. *Id*. at 1-2.

permitted to supplement the summary judgment record after February 16, 2018, absent good

cause shown or in response to an issue first raised in any cross-motion for summary judgment

that may be filed by Framingham. *See id*. The Court further clarified that, to the extent not

controverted in an opposing statement by Framingham, the statements by the Debtors in the

Summary Judgment Motion "may be deemed admitted, *see, e.g.*, D. Mass. LR 56.1 and Rule

56(e), but to the extent controverted, the existence of a material fact in dispute will result in

denial of the Motion." *Id*. The Debtors did not timely supplement the summary judgment

record,[11] and Framingham filed a Cross-Motion for Summary Judgment and the *Affidavit of*

*Peter L. Mello For Summary Judgment Papers* filed as an exhibit thereto (the "Mello

Affidavit"), which responded not only to the sub–set of the alleged acts regarding which the

Debtors sought a summary judgment determination, but sought summary judgment in favor of

Framingham regarding the entirety of the 362(k) Town Motion.

   As provided by the Case Management Order, the Court held a telephonic case

management conference on February 8, 2018, at which Framingham and Mr. Rogers appeared

(the "February 8 Hearing").  As noted in the proceeding memorandum entered at the conclusion

of the hearing, Mr. Rogers confirmed that he had not provided any documentary evidence or

electronically stored information to Framingham and was cautioned that failure to produce such

documents, if they exist, may result in limiting Mr. Rogers's ability to introduce any undisclosed

documents at trial. *See* Ord. at Doc. No. 241, 2. Mr. Rogers also stated an intent not to cooperate

in depositions, asserting his belief that Framingham, as the respondent to the 362(k) Town

---

[11] While the Debtor filed a document entitled "Supplement to Motion for Summary Judgment" at Docket No. 292 on March 15, 2018, which Mr. Rogers filed without leave to do so after expiration of the record supplementation deadline and the response deadline for Framingham to object to the Summary Judgment Motion set forth in the Order at Docket No. 237, in any event, the document was not in the form of an affidavit and did not supplement the evidentiary summary judgment record.

Motion, "did not have the 'right' to question the Debtors." *Id*. The Court explained that "[b]oth

parties, whether the movant or respondent in a contested matter, however, [had] the right to

conduct discovery, and failure to strictly comply with all of the provisions of the Case

Management Order, including failure to cooperate in the discovery process, may result in the

entry of a dismissal, a default, or sanctions, as the circumstances warrant, in accordance with

Fed. R. Civ. P. 16 and 37, which may include denial of the 362(k) [Town] Motion." *Id*.

   At that hearing, Mr. Rogers also stated that his co-debtor spouse intended to withdraw as

a moving party with respect to the 362(k) Town Motion. *See id*. at 1. The Court indicated that a

request to do so must be made by motion.  Further, as any depositions to be taken of the Debtors

were likely to be contentious, given the history of the proceedings before the Court, the parties

also discussed potential dates on which the Court would be available to determine any objections

that may arise during the course of a deposition and whether holding the depositions in the

Courthouse would be appropriate under the circumstances of this case. The Court established

February 26, 2018 as the date for the deposition of Mr. Rogers to be taken by Framingham (the

"First Deposition") and such deposition was scheduled to take place in the Courthouse.  *See id*.

   During the February 8 Hearing, Mr. Rogers was generally confrontational and disruptive.

Regarding his behavior, the Court stated in the proceeding memorandum:

> Additionally, on a number of occasions during the case management conference,
> Mr. Rogers interrupted the Court and directed comments to counsel to the Town
> instead of the Court. Mr. Rogers also accused the Court of colluding with the
> Town and stated that he did not "trust" the Court, citing, among other things,
> prior adverse rulings against the Debtors regarding previous motions they have
> filed in this case. This Court has exercised patience with Mr. Rogers, despite his
> interruptions at hearings and filing of duplicative motions, to afford him the
> opportunity to present his claim under 11 U.S.C. § 362(k) within the boundaries
> of applicable law, but he is cautioned that disruption of Court proceedings or
> refusal to abide by Court orders may result in contempt proceedings against him.
> If Mr. Rogers does not agree with the Court's rulings, his recourse is through
> appeal or other avenues that may be available to him under applicable law.

15

*Id*. at 2.

On February 8, 2018, the Debtors filed an *Emergency Motion for Withdrawal from Case* [Doc. No. 239] (the "Withdrawal Motion") requesting that Mrs. Rogers be permitted to withdraw as a moving party with respect to the 362(k) Town Motion.  The Court granted that request, but denied the Debtors' request to permit Mrs. Rogers to "withdraw[] from all hearings" because Mrs. Rogers may still potentially be called as a witness in this matter.  Ord. at Doc. No. 240. The Court established a deadline for Mrs. Rogers to inform Framingham whether she would voluntarily appear to be deposed, failing which Mr. Rogers would be limited in his ability to offer Mrs. Rogers's testimony as evidence in connection with any dispositive motion or at trial, absent further order of this Court for cause shown.  *See id*.

On February 15, 2018, thirteen days prior to the expiration of the discovery period regarding the 362(k) Town Motion and at a time when Mr. Rogers was faced with the obligation to appear for a deposition, he filed a *Motion for Finding of Contempt of Court for Violation of the Automatic Stay* [Doc. No. 243], as amended by the *Motion for Finding of Contempt of Court For Violation of the Automatic Stay* [Doc. No. 254] on February 22, 2018 (the "Amended 362(k) Counsel Request"), seeking, among other things, a finding of contempt against counsel to Framingham, Peter L. Mello, Esq. and Petrini & Associates, P.C. (collectively, "Counsel"), for violation of the stay by filing the Motion for Relief because the motion allegedly contained a false statement and was filed in an effort to harass the Debtor to collect fines assessed by Framingham prepetition. On February 20, 2018, the Court entered an *Order Regarding [Doc. No. 243] (I) Establishing Response Dates and Procedures with Respect to 362(k) Request Against Peter L. Mello, Esq. and Petrini & Associates, P.C.; (II) Reserving On Request for Disqualification; and (III) Denying Remainder of Relief Requested* [Doc. No. 245] (the

16

"Scheduling Order"). [12] That order scheduled an evidentiary hearing for March 30, 2018. *See* Scheduling Ord., 3. Framingham was directed to produce to Mr. Rogers "any non-privileged documents in Counsel's possession, custody, or control that have not already been produced by the Town relevant to the 362(k) Counsel Request on or before March 16, 2018." *Id*. at 2. In a further order, the Court provided that any party requiring proportional and relevant additional discovery regarding the Amended 362(k) Counsel Request may file such a request on or before March 6, 2018. *See* Ord. at Doc. No. 256.

The Court also directed Mr. Rogers to supplement the motion by filing an affidavit specifically identifying the actual damages suffered by the Debtor as a result of the filing of the Motion for Relief, including a general description of any claimed emotional distress damages.[13] *See* Scheduling Ord. 1-2. The Court reserved determining the request that Counsel be directed to withdraw from representing Framingham, pending entry of a further order resolving the Amended 362(k) Counsel Request. *See id*. at 3. Counsel filed a response to the Amended 362(k) Counsel Request [Doc. No. 281] (the "Counsel Request Objection"), supported by an affidavit of Peter Mello (the "Second Mello Affidavit"). On March 14, 2018, the Court scheduled a final pretrial conference for March 26, 2018 regarding the Amended 362(k) Counsel Request (the

---

[12] Among other things, the Court made all deadlines set forth in the Scheduling Order applicable to the Amended 362(k) Counsel Request pursuant to the Order at Docket No. 256. The Debtor also filed a subsequent *Motion for Finding of Contempt of Court for Violation of the Automatic Stay* [Doc. No. 261], which was denied without prejudice because it did not appear that the material allegations against Counsel differed from those set forth in the Debtor's Amended 362(k) Counsel Request and the Debtor stated in the Motion that he "requests no relief from this court." Ord at Doc. No. 272.

[13] Mr. Rogers filed a motion for clarification regarding the affidavit requirement, *see Emergency Motion for Clarification of Order* [Doc. No. 249], which was denied per Order at Docket No. 251. The Debtor questioned why an affidavit would be required and stated, among other things, "[i]t seems to the Debtor that if it is evident to the Court that one penny in damages was incurred by the Debtor due to fraud by Counsel, the punitive damages for fraud within this Court would be worth the highest award ever given for a violation of the Stay." Emergency Mot. for Clarification of Ord. 1. The Court denied the request for clarification but explained "the Debtor shall state in the affidavit any damages he believes he incurred as a result of the alleged violation of the automatic stay." Ord. at Doc. No. 251.

"Final Pretrial Conference"), as well as a case management conference regarding the 362(k)

Town Motion. See Ord. at Doc. No. 286.

The Phase I discovery regarding the 362(k) Town Motion was not stayed pending

resolution of the Amended 362(k) Counsel Request. *See* Scheduling Ord. 3. Despite this, the

Debtor filed a number of motions for discovery at or after the discovery deadline. *See, e.g.,*

*Motion for Discovery* [Doc. No. 253] (the "Helicopter Discovery Motion"); *Motion for*

*Discovery* [Doc. No. 255] ("First Deposition Discovery Motion"); and *Motion to Compel*

*Discovery* [Doc. No. 267] (the "Second Deposition Discovery Motion").  Pursuant to the

Helicopter Discovery Motion, the Debtor sought documentary evidence after expiration of the

deadline set forth in the Case Management Order in the form of "flight log[s] of any police

and/or government helicopters or other small aircraft or drones" flown within a five-mile radius

of the Debtor's property located at 25 Gilbert Street, Framingham, MA, Helicopter Discovery

Mot. 1, noting that "[o]ver the past two months" he has observed a police helicopter "repeatedly

flying over the Debtor's residence." *See id*. The Court denied the Helicopter Discovery Motion

not only because the request was untimely, but because the two-month period of helicopter

activity alleged by the Debtor was for activity outside of the relevant time period for the 362(k)

Town Motion and well-after Framingham stated on the record that it would not be seeking to

collect any prepetition fines from the Debtor.  *See* Ord. at Doc. No. 277.

The Debtor sought reconsideration of the Order denying the Helicopter Motion, *see*

*Emergency Motion for Reconsideration* [Doc. No. 297], expressing a continued dissatisfaction

regarding the process of resolving the pending 362(k) motions because the Debtor believed that

"Counsel admitted to fraud [and t]he town lost their case the moment they admitted to having

committed fraud in this Court to collect a debt, and likely well before that." Emergency Mot. for

Reconsideration 1. Despite the Debtor's contention, which he asserted in various forms in

various pleadings, the Court noted in its order denying the motion, *see* Order at Docket No. 305,

2, that it was "not aware of any instance where Framingham or its counsel have 'admitted to

fraud' in this case [and] in fact each has asserted the opposite position[,]" citing the Cross-

Motion For Summary Judgment and the Mello Affidavit and concluding that any "fraud" issue

remained to be determined in the context of the pending 362(k) motions.

Pursuant to the First Deposition Discovery Motion, the Debtor sought relief regarding a

list of "a minimum of 20 individuals" whom he wanted to depose or serve interrogatories on

without reference to the expiration of the February 28, 2018 deadline to conclude depositions

and all discovery under the Case Management Order.[14] In the Second Deposition Discovery

Motion, the Debtor moved "to compel all evidence in all Motions for Discovery filed by the

Debtors[,]" noting his dissatisfaction with evidence produced by the Town and its assertion of

privilege. Second Deposition Discovery Mot. Notably, the Debtor had not served any discovery

during the discovery period set forth in the Case Management Order and did not notice any of

the depositions permitted by that order during that period.

Both the First and Second Deposition Discovery Motions were treated as motions for

leave to conduct discovery after the expiration of the discovery deadline and to expand the scope

of discovery (collectively, the "Motions for Leave"). The Debtor was directed to file

supplements to the Motions for Leave by March 16, 2018 (i) disclosing the names of the

---

[14] Additionally, in the First Deposition Discovery Motion, the Debtor also sought discovery regarding
purported mail and e-mail tampering. The categories of discovery topics set forth in the First Deposition
Discovery Motion, including "parties that have business relationships with the Town" and the discovery
regarding mail and e-mail tampering, were not contemplated by the Case Management Order. *See* Case
Management Ord. ¶ 5(ii) (providing for the following potential deposition topics: (1) "Framingham
District Court Proceeding (1749AC000683)"; (2) "June 25, 2017 Police Activity"; and (3) "Water Meter
and Tax Bill Activity").

individuals sought to be served with interrogatories and deposed and, with respect to the Second

Deposition Discovery Motion, how such list is different from the parties the Debtor seeks to

depose and serve interrogatories pursuant to the First Deposition Discovery Motion, (ii) setting

forth the basis for seeking discovery from such individual, and (iii) addressing why the discovery

sought is proportional to the issues in this case.  *See* Ords. at Doc. Nos. 278, 279. The Debtor did

not timely file any supplements in accordance with the Orders at Docket Nos. 278 and 279.

Pursuant to the Order at Docket No. 246, denying in part and granting in part the

Debtor's *Emergency Objection to Town's Privilege Log and Discovery Limitations* [Doc. No.

244], which the Court construed as a request for discovery conference regarding the privilege log

produced by Framingham and whether limited discovery should be made available to the Debtor

regarding prepetition activities of Framingham, the Court scheduled a discovery conference for

February 26, 2018 (the "Discovery Conference").  On that same date, pursuant to the Proceeding

Memorandum at Doc. No. 241, the Debtor had been ordered to appear on February 26, 2018 for

his deposition.

On February 21, 2018, the Debtor sought a continuance of the February 26, 2018

discovery conference by filing an *Emergency Motion for Continuance* [Doc. No. 248], stating,

among other things, that he had "work obligations."  Emergency Mot. for Continuance 1. The

request was denied on February 21, 2018 for the reasons stated in the Order at Doc. No. 250.[15]

In that order, the Court also reminded the Debtor that he had a pending deposition scheduled for

---

[15] The Order at Docket No. 250 provided, in part, that the Debtor appeared "to misapprehend the ability of
parties to dictate the scheduling of matters before the Court, believing that work obligations should
unilaterally provide the Debtor the flexibility to schedule hearings according to his own schedule [and
noting w]hile the Court attempts to accommodate material conflicts, the Debtor has not presented any
evidence detailing with specificity his 'contractual obligation for work' or 'life obligations' that impact
the February 26, 2018 Discovery Conference date or whether such obligations could be rescheduled."
Ord. at Doc. No. 250, 2.

February 26, 2018, which had been scheduled after the February 8 Hearing as set forth in the
Order at Docket No. 241 entered on February 9, 2018, and that no motion for protective order
regarding the First Deposition or motion to reconsider the Order at Docket No. 241 had been
filed that would have affected his obligation to appear. *See* Ord. at Doc. No. 250, 2. In an Order
dated February 23, 2018 regarding the Amended 362(k) Counsel Request in which the Debtor
made a passing reference that he "cannot attend a hearing on February 26, 2018," the Court
reiterated that the Debtor must appear on February 26, 2018, failing which he risked entry of an
order finding him in contempt for disregarding orders of the Court or subjecting him to other
sanctions, including limitations on the evidence he is able to present regarding or dismissal of the
362(k) Town Motion.  *See* Ord. at Doc. No. 256, 2-3. The Debtor filed an *Emergency Motion for
Reconsideration of Request for Continuance* [Doc. No. 260] the morning of his deposition and
the discovery conference on February 26, 2018, which was also denied as the Debtor did not
provide an appropriate justification for continuance of any of the matters scheduled. *See* Ord. at
Doc. No. 262.

Mr. Rogers did not appear for his First Deposition and the Discovery Conference
scheduled for February 26, 2018,[16] after which Framingham filed a *Motion for Default and
Dismissal Pursuant to Fed. R. Civ. P. 37* [Doc. No. 282], as supplemented by Doc. No. 299 (the

---

[16] The Debtor took issue with the reference in the Court's Order [Doc. No. 265] (the "Discovery
Conference Order") entered with respect to the discovery conference held by the Court on February 26,
2018 (the "February 26 Hearing") that he did not appear at the Hearing and filed an *Emergency Motion
for Clarification of Order* [Doc. No. 268], stating he provided "ample warning to the Court" that he could
not appear. Emergency Mot. for Clarification of Ord. 1. In denying the motion for clarification, the Court
explained that: "[w]hile the record is clear that the Debtor stated that he could not appear, the record is
equally clear that the Debtor was not relieved of the requirement that he appear and did not appear. The
Debtor sought to continue the Hearing several times, but those requests were each denied. *See, e.g.,*
Orders at [Doc. Nos.] 250, 262. The Debtor had already been directed to appear on February 26, 2018 for
his deposition and no motion for protective order or motion to reconsider the Proceeding Memorandum at
Doc. No. 241 had been filed that would have affected his obligation to appear on that date." Ord. at Doc.
No. 289.

"First Rule 37 Motion"). Pursuant to the First Rule 37 Motion, Framingham sought denial of

both the Debtor's 362(k) Town Motion and the Amended 362(k) Counsel Request based on,

among other things, the Debtor's: (i) failure to appear on February 26, 2018 for his Court-

ordered deposition, (ii) noncompliance with the Case Management Order regarding service of

discovery and for filing "multiple repetitive, overlapping and harassing motions for discovery,"

First Rule 37 Mot. 5, and (iii) failure to submit an affidavit in support of the Amended 362(k)

Counsel Request.  Alternatively, Framingham sought to: (i) prohibit the Debtor from offering his

testimony or any other evidence in support of his claims; (ii) permit an adverse inference against

the Debtor with respect to his claims and allegations; and (iii) require the Debtor to pay the

attorneys' fees and costs associated with the First Deposition within a reasonable defined time.

*See id*. The Debtor filed an opposition, but did not address his own conduct in the case, instead

arguing that "Counsel admitted to making false statements in the pursuit of a debt" and has

continued to mislead the Debtor and the Court.  Obj. at Doc. No. 285, 1.

On March 23, 2018, the Court entered the Sanctions Order at Docket No. 311 regarding

the First Rule 37 Motion. While the Court declined to dismiss the 362(k) Town Motion and the

Amended 362(k) Counsel Request at that juncture, the Court granted the motion in part,

sanctioning Mr. Rogers for his litigation conduct by ordering him to pay the appearance fee for

the stenographer and a portion of counsel fees associated with the First Deposition on or before

April 6, 2018. *See* Sanctions Ord. 4.  The Court also directed that the parties should be prepared

to discuss potential "dates for rescheduling the Debtor's deposition within the next two weeks" at

the case management conference scheduled for March 26, 2018 regarding the 362(k) Town

Motion.  *Id*. at 5. The Order entered by the Court also provided that "[i]f the Debtor fails to pay

the amounts directed by this Order or fails to appear at the rescheduled deposition, however, the

22

Court shall consider further sanctions as the circumstances warrant in accordance with Fed. R.

Civ. P. 16 and 37, which in the absence of a compelling justification, will be the denial of the

362(k) Town Motion." *Id*.[17]

On March 26, 2018, the Court held the Final Pretrial Conference regarding the Amended

362(k) Counsel Request and a case management conference regarding the 362(k) Town Motion

(the "March 26, 2018 Conferences"). On the morning of the conferences, Mr. Rogers filed an

*Emergency Motion for Relief* [Doc. No. 315], which the Court construed as a request to appear

telephonically at the March 26, 2018 Conferences and granted. *See* Ord. at Doc. No. 316. In

that motion, Mr. Rogers asserted that he feared Framingham and its police department because of

alleged harassment and retaliation and stated that he refused to attend any further Court

proceedings in this matter, asking that "the Court end this process entirely" because of a

perceived reluctance on the part of the Court to end harassment against the Debtors. *See*

Emergency Mot. for Relief at Doc. No. 315, 2. Mr. Rogers did not appear at the March 26,

2018 Conferences in person or by telephone. *See* Ord. at Doc. No. 317. At the March 26, 2018

Conferences, the Court rescheduled the deposition of Mr. Rogers for April 3, 2018 at 10:00 a.m.

in the Courthouse (the "Second Deposition") by order at Docket No. 317.

Subsequently, Framingham filed a *Motion to Default Debtor and Dismiss Under Fed. R.

Civ. P. 16(f) and 41(b) For Failing to Appear at Final Pre-Trial Conference and Other

Violations* [Doc. No. 320] (the "Second Rule 37 Motion") on March 27, 2018, as supplemented

by Joinder of Counsel [Doc. No. 322] and a Supplement [Doc. No. 326]. Through the Second

---

[17] Additionally, the Debtor having failed to timely file any supplements in accordance with the Orders at
Docket Nos. 278 and 279 regarding his First and Second Deposition Motions, on March 23, 2018, the
Court denied the relief sought through the First and Second Deposition Motions, subject to the Debtor
potentially submitting a renewed request for limited and proportional discovery should he comply with
the Sanctions Order regarding the Rule 37 Motion. *See* Ord. at Doc. No. 312.

Rule 37 Motion, Framingham and Counsel sought to dismiss both the Amended 362(k) Counsel

Motion and 362(k) Town Motion for the Debtor's failure to appear at the March 26, 2018

Conferences. Per the scheduling order entered at Docket No. 321, the Court scheduled the

Second Rule 37 Motion for hearing on March 30, 2018 as it related to the Amended 362(k)

Counsel Request. The Court also scheduled the remainder of the relief regarding the 362(k)

Town Motion requested by the Second Rule 37 Motion for a status conference on that date as

well. Mr. Rogers was given opportunity to object to the Second Rule 37 Motion before and at the

hearing, but he did not appear.[18] When Mr. Rogers failed to appear at the scheduled evidentiary

hearing on the Amended 362(k) Counsel Request, the Court denied the Amended 362(k) Counsel

Request, *see* Order at Docket No. 342, as such the Court did not need to reach the relief

requested pursuant to the Second Rule 37 Motion.  The Court reserved ruling on the Second Rule

37 Motion as it related to the 362(k) Town Motion. *See* Ord. at Doc. No. 343.

   After Mr. Rogers did not appear for his rescheduled Second Deposition on April 3, 2018,

Framingham filed its Dismissal Motion, which incorporates and expands on the dismissal request

pursuant to the Second Rule 37 Motion as it relates to the 362(k) Town Motion .[19] Pursuant to its

---

[18] On March 30, 2018, the date of the evidentiary hearing on the Amended 362(k) Counsel Request, the
Debtor filed an untimely *Emergency Motion for Relief* [Doc. No. 337] seeking to continue the hearing.
The motion was denied, *see* Order at Docket No. 339, and the Court explained that:

> The Debtor has been previously warned on a number of occasions that any requests for
> continuances in this case must be supported by specific evidence of medical conditions
> and impairment. The Debtor has had a history of moving for continuances, failing to
> appear, and ignoring deadlines. While the Debtor indicates that he fears seeking medical
> care or coming to Court because of potential acts of harassment by Framingham, such
> statements do not constitute cause for rescheduling the evidentiary hearing or staying
> all hearings and "other proceedings" given the history of the Debtor's conduct regarding
> the Amended 362(k) Counsel Request and other pending motions in this case.

Ord. at Doc. No. 339.

[19]  During the week his Second Deposition was scheduled, the Debtor filed a series of recusal motions
with the Court: the *Supplement to Emergency Motion for Recusal 3* [Doc. No. 350], the *Emergency*

Dismissal Motion, Framingham seeks denial of the 362(k) Town Motion because of the Debtor's

failure to comply with the Court's Sanctions Order.  The Debtor failed to appear for his

rescheduled deposition and failed to pay the monetary sanction of $1,315.00 to Counsel for

reimbursement of assessed costs and fees related to the First Deposition.  Framingham argues

that its requested relief is further supported by the Debtor's failure to attend, without leave to do

so in contravention of various Court orders, (i) the discovery conference and First Deposition

scheduled for February 26, 2018; (ii) the March 26, 2018 case management conference regarding

the 362(k) Town Motion and Final Pretrial Conference regarding the Amended 362(k) Counsel

Request; (iii) the March 30, 2018 evidentiary hearing; and (iv) the Second Deposition.

Additionally, Framingham asserts that the Debtor did not produce any discovery in this matter.

The Court established a response deadline of April 13, 2018 to the Dismissal Motion.  *See* Ord.

at Doc. No. 355.  The Debtor did not file a response.

## II.   DISCUSSION

Fed. R. Civ. P. 37(b), which is made applicable to this contested matter by Fed. R. Bankr.

P. 7037 and 9014(c), provides for sanctions for failure to obey a court order directing compliance

with discovery obligations, up to and including the sanction of dismissal in whole or in part. *See*

Fed. R. Civ. P. 37(b)(2)(A)(v). Specifically, Fed. R. Civ. P. 37(b)(2) provides "[i]f a party or a

party's officer, director, or managing agent . . . fails to obey an order to provide or permit

---

*Motion for Recusal 4* [Doc. No. 351], the *Motion for Recusal (The Media)* [Doc. No. 360], and the
*Motion for Recusal (The Traitor)* [Doc. No. 361] (collectively, the "Recusal Motions"). *See* Ord. at Doc.
No. 363.  The Court denied the Recusal Motions on several grounds, noting that the "purported 'cause'
cited by the Debtor could be viewed by an objective person, knowledgeable of the proceedings and record
in this case, to reasonably question the Court's impartiality." *Id*. at 2. Moreover, the "media"–related
recusal motions at Docket Nos. 360 and 361 did not appear to request independent relief, just including
"text from 'articles' allegedly 'recently published on the Web' as arguments as to why the Court should
recuse itself from this matter[,]" a tactic which the Court concluded was based on "highly tenuous
speculation" and amounted to nothing more than a unilateral creation of alleged bias for the sake of
imputing partiality. *Id*. at 4-6.

discovery . . . , the court where the action is pending may issue further just orders." Fed. R. Civ.

P. 37(b)(2)(A); *see also Bushay v. McDonnell (In re Bushay)*, 327 B.R. 695, 703 (B.A.P. 1st Cir.

2005). Rule 37(b)(2) sets forth a variety of permissible sanctions, including an order:

    (i)      directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

    (ii)    prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

    (iii)   striking pleadings in whole or in part;

    (iv)   staying further proceedings until the order is obeyed;

    (v)    dismissing the action or proceeding in whole or in part;

    (vi)   rendering a default judgment against the disobedient party; or

    (vii)  treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A). A dismissal pursuant to Fed. R. Civ. P. 37(b)(2)(A) "operates as an

adjudication on the merits." Fed. R. Civ. P. 41(b) (providing that "a dismissal under this

subdivision (b) and any dismissal not under this rule–except one for lack of jurisdiction,

improper venue, or failure to join a party under Rule 19-–operates as an adjudication on the

merits").[20]

    Fed. R. Civ. P. 37(d)(1)(A)(i) provides that a court may order sanctions where "a party or

party's officer, director, or managing agent . . . fails, after being served with proper notice, to

appear for that person's deposition." A party is not excused from appearing "on the ground that

the discovery sought was objectionable, unless the party failing to act has a pending motion for a

---

[20] Fed. R. Civ. P. 41 is made applicable to this contested matter by Fed. R. Bankr. P. 7041 and 9014(c). Fed. R. Civ. P. 41 provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.'" Fed. R. Civ. P. 41(b).

protective order." Fed. R. Civ. P. 37(d)(2). Sanctions for failing to comply with this rule may

include dismissing the action or proceeding in whole or in part against the violating party. *See id.*

at 37(d)(3) (making the sanctions listed at 37(b)(2)(A)(i)-(vi) applicable to a violation under

(d)(3)). Additionally, Fed. R. Civ. P. 16(f) provides that the Court may issue "just orders,

including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: (A) fails to

appear at a scheduling or other pretrial conference . . . or (C) fails to obey a scheduling or other

pretrial order." Fed. R. Civ. P. 16(f)(A), (C).[21]

"Sanctions under Rule 37(b) are appropriate once it is established that a party has failed

to comply with a valid discovery order." *In re Bushay*, 327 B.R. at 703 (citing *Anderson v.*

*Beatrice Foods Co.*, 900 F.2d 388 (1st Cir. 1990)).

> Dismissal with prejudice for violation of [discovery] orders is well within the
> arsenal of the trial judge. *See Tower Ventures, Inc. v. City of Westfield*, 296
> F.3d 43, 46 (1st Cir. 2002) (noting that disobedience of a court order can
> constitute extreme misconduct warranting dismissal); *Robson v. Hallenbeck*, 81
> F.3d 1, 4 (1st Cir. 1996) (explaining that successive violations of court
> scheduling orders can justify dismissal with prejudice [ . . .])).

*Benítez–García v. González–Vega*, 468 F.3d 1, 4 (1st Cir. 2006); *see also Torres-Vargas v.*

*Pereira*, 431 F.3d 389, 392 (1st Cir. 2005) ("[A] federal district court's venerable power to

sanction a party who repeatedly fails to comply with court-imposed deadlines cannot be

doubted.") (citations omitted).

When assessing the appropriateness of a discovery sanction, courts must evaluate the

totality of the circumstances. *See Mulero–Abreu v. Puerto Rico*, 675 F.3d 88, 93 (1st Cir. 2012);

*Enlace Mercantil Internacional, Inc., v. Senior Indus., Inc.*, 848 F.2d 315, 317 (1st Cir. 1988)

(citation omitted) (finding "it is proper [for the Court] in reviewing for 'extreme' misconduct to

---

[21] Fed. R. Civ. P. 16 was made applicable to this contested matter by the Case Management Order. *See*
Case Management Order ¶ 1.

consider all of the aggravating circumstances together"). This inquiry is "not a mechanical one"

and varies from case to case. *Benítez–García*, 468 F.3d at 5. "Procedurally, the court should

consider (1) whether the offending party was given sufficient notice, and (2) whether the

offending party has been given an opportunity to explain its noncompliance or argue for a lesser

penalty." *AngioDynamics, Inc. v. Biolitec AG*, 991 F. Supp. 2d 283, 290 (D. Mass. 2014), *aff'd*,

780 F.3d 429 (1st Cir. 2015).

Factors considered are "the severity of the violation, the legitimacy of the party's excuse,

repetition of violations, the deliberateness *vel non* of the misconduct, mitigating excuses,

prejudice to the other side and to the operation of the court, and the adequacy of lesser

sanctions," as well as any other relevant factors. *Robson*, 81 F.3d at 2–3. These factors help

distinguish good faith attempts to comply with discovery obligations from deliberate, bad faith

refusals to do so. *See Benítez–García*, 468 F.3d at 5. The factors serve as a guide, however, and

need not be applied mechanically. *See id.*

In the Sanctions Order regarding the First Rule 37 Motion, the Court stated that although

"case law may support the dismissal sanction requested by Framingham based on the cause set

forth in the [First] Rule 37 Motion, the Court finds that the more appropriate sanction for the

Debtor's failure to appear without justification for his Deposition related to the 362(k) Town

Motion [was] reimbursement of fees and costs expended for the Deposition, coupled with a

warning to the Debtor that future discovery transgressions or noncompliance with this Order will

result in denial of the 362(k) Town Motion." Sanctions Ord. 3. The Debtor was clearly warned

of the consequences of any failure to comply with the Sanctions Order, yet has still failed to

comply.

Although the Court recognizes that denial of the Debtor's 362(k) Town Motion is a harsh

sanction, *see Torres-Vargas v. Pereira*, 431 F.3d 389, 393 (1st Cir. 2005) (recognizing that "[t]o

be sure, dismissal orders typically are measures of last resort, reserved for extreme cases[,]" but

noting that the Court of Appeals for the First Circuit has "held that a party's disregard of a court

order is a paradigmatic example of extreme misconduct"), the totality of Mr. Rogers's

obstructive efforts in this case in failing to attend, without leave to do so and in contravention of

Court orders, the February 26, 2018 Discovery Conference and First Deposition; the March 26,

2018 case management conference regarding the 362(k) Town Motion and Final Pretrial

Conference regarding the Amended 362(k) Counsel Request; the March 30, 2018 evidentiary

hearing regarding the Amended 362(k) Counsel Request; and the April 3, 2018 Second

Deposition demonstrates his continued willful disregard or indifference to discovery procedures

established under applicable rules and orders of the Court, establishing a clear pattern of

attempting to frustrate effective discovery in this matter.   After the Court's efforts to give the pro

se[22] Debtor multiple chances to comply and clear warnings of the consequences of his

noncompliance, denial of the 362(k) Town Motion is amply supported by the record.   *See*

*Figueroa Ruiz v. Alegria*, 896 F.2d 645, 649 (1st Cir. 1990) (stating where it is determined that

"a noncompliant litigant has manifested a disregard" for court orders and has been "forewarned

of the consequences of continued intransigence, a trial judge need not first exhaust milder

---

[22] A debtor's pro se status does not absolve him or her of the need to comply with the Federal Rules of
Civil Procedure or the Court's procedural rules. *See, e.g., FDIC v. Anchor Props*., 13 F.3d 27, 31 (1st Cir.
1994) (stating "[w]e have consistently held that a litigant's pro se status [does not] absolve him from
compliance with [either] the Federal Rules of Civil Procedure [or] a district court's procedural rules."
(citation and internal quotation marks omitted)); *Eagle Eye Fishing Corp. v. United States Dep't of
Commerce*, 20 F.3d 503, 506 (1st Cir. 1994) (explaining that "the right of self-representation is not a
license not to comply with relevant rules" (citation and internal quotation marks omitted)); *In re Flynn,*
582 B.R. 25, 31 (B.A.P. 1st Cir. 2018) (determining that pro se debtors must follow the same rules that
govern other litigants).

sanctions before resorting to dismissal") (citation omitted); *In re DeConcilis*, 119 B.R. 880, 881

(Bankr. D.R.I. 1990) (quoting *Damiani v. Rhode Island Hospital*, 704 F.2d 12, 15 (1st Cir. 1983)

(recognizing that the First Circuit has concluded that "'there is nothing in the rule that states or

suggests that the sanction of dismissal can be used only after all the other sanctions have been

considered or tried'" but determining that the court has adequately appreciated "the harshness of

this sanction" and stating that "[i]n fact, it is only our protracted over-indulgence of these

defendants, that has allowed them to go unpunished for so long [and u]ltimately though, the day

arrives when such a severe sanction is not only warranted, but is demanded.").

The Sanctions Order was clear:

> If the Debtor fails to pay the amounts directed by this Order or fails to appear at
> the rescheduled deposition, however, the Court shall consider further sanctions
> as the circumstances warrant in accordance with Fed. R. Civ. P. 16 and 37, which
> in the absence of a compelling justification, will be the denial of the 362(k)
> Town Motion.

Sanctions Ord. 5. The Debtor did not comply.[23] "It is axiomatic that 'a litigant who ignores a

case-management deadline does so at his peril.'" *Young v. Gordon*, 330 F.3d 76, 82 (1st Cir.

2003) (quoting *Rosario–Diaz v. Gonzalez*, 140 F.3d 312, 315 (1st Cir. 1998)). "[T]he mere fact

that a litigant or a lawyer may have had other priorities" does not constitute an unassailable

excuse for noncompliance with a court order. *Id.* (finding dismissal of case appropriate because

litigant, "having been forewarned of the likely consequences of noncompliance, failed to abide

by a court order to appear for a deposition within seven days" and determining that "the

possibility of impending military service prevented him from complying with the court's ukase .

. . will not wash"). "Where, as here, the court appropriately forewarn[ed] a [party] of the

---

[23] Additionally, even if the Debtor may view his conduct in the case as having been in good-faith,
although the history of his non-compliance and dilatory responses to Court-imposed deadlines suggests
otherwise, the Court notes that a "finding of bad faith is not a condition precedent to imposing a sanction
of dismissal." *Torres-Vargas*, 431 F.3d at 393 n.3 (quoting *Young*, 330 F.3d at 82).

consequences of future noncompliance with an unambiguous order, the court need not exhaust less toxic sanctions before dismissing a case with prejudice." *Torres-Vargas*, 431 F.3d at 393.

Moreover, in assessing the totality of circumstances, the Court also notes that the Debtor failed to propound any discovery on a timely basis in accordance with the Case Management Order, failed to produce any documents, and failed to timely respond to Framingham's Cross-Motion for Summary Judgment. Because the Debtor failed to respond to the Cross-Motion for Summary Judgment and the Mello Affidavit, an order granting the Cross-Motion for Summary Judgment would be appropriate at this juncture, which would result in denial of the 362(k) Town Motion with respect to all of the supplemental claims asserted by the Debtor. Any different result would be prejudicial to Framingham given Mr. Rogers's failure to respond or comply with Court orders.  Moreover, the 362(k) Town Motion faced significant legal hurdles, including the potential bar to emotional distress and punitive damages for violations of the automatic stay by a governmental unit under § 106(a)(3), *see* 11 U.S.C. § 106(a)(3); *Duby*, 451 B.R. at 671, 673, 678, which had been previously conveyed to the Debtor, *see, e.g.*, Case Management Ord. 1-2.

Further, the Debtor's repeated failure to comply with discovery rules and orders and his conduct in this case has caused the Court to devote an inordinate amount of time to this case, administratively burdening and undermining the Court's efforts to manage its docket. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991)(finding that a federal court has the inherent power to control its docket and to impose "appropriate sanction[s] for conduct which abuses the judicial process"); *Young*, 330 F.3d at 81 (1st Cir. 2003) (holding that "disobedience of court orders is inimical to the orderly administration of justice and, in and of itself, can constitute extreme misconduct."); *Rodriguez-Santana v. Hosp. Pavia Santurce*, No. CIV. 11-1059 SEC, 2013 WL 1702546, at *3 (D.P.R. Apr. 19, 2013) (finding that "motion to dismiss for

lack of prosecution is meritful, as the plaintiffs' repeated violations undermine this court's efforts
to manage its docket . . . [and stating that the plaintiffs'] contumacious behavior waste[d] not
only this court's time but also that of defense counsel").

    In the face of the repeated and flagrant abuses in this record and recognizing that lesser
sanctions and numerous admonitions have failed, the Court determines that denial of the 362(k)
Town Motion is warranted and appropriate under the standards of Fed. R. Civ. P.  16 and 37.[24]

## III.    CONCLUSION

    While the Debtor did not file an objection to the Dismissal Motion, the Court has
considered the totality of circumstances in its determination of the motion and, for the reasons set

---

[24] While the same analysis regarding Fed. R. Civ. P. 37 applies for sanctions imposed under Rule 41(b),
*see e.g., Estate of Solis-Rivera v. United States*, 993 F.2d 1, 2–3 (1st Cir. 1993) (internal quotations and
citations omitted) (holding that "[a] finding of extreme misconduct is justified if there is extremely
protracted inaction, disobedience of court orders, ignorance of warnings, contumacious conduct, or some
other aggravating circumstance such as prejudice to the defendant, glaring weaknesses in the plaintiff's
case, and the wasteful expenditure of a significant amount of the district court's time"); *United States v.
Pole No. 3172, Hopkinton*, 852 F.2d 636, 642 (1st Cir. 1988) (holding that "[w]hile Rule 37 and Rule 41
address significantly different problems, the same considerations are at work whenever a sanction
precludes disposition of a case on the merits"), where a more specific federal rule applies to the facts,
Fed. R. Civ. P. 41(b) is not the appropriate authority governing sanctions, *see Société Internationale Pour
Participations Industrielles et Commerciales, S.A. v. Rogers*, 357 U.S. 197, 207 (1958).  The Supreme
Court has held:

> [W]hether a court has power to dismiss a complaint because of noncompliance with a
> production order depends exclusively upon Rule 37, which addresses itself with
> particularity to the consequences of a failure to make discovery by listing a variety of
> remedies which a court may employ as well as by authorizing any order which is "just."
> There is no need to resort to Rule 41(b), which appears in that part of the Rules
> concerned with *trials* and which lacks such specific references to discovery. . . .
> Reliance upon Rule 41, which cannot easily be interpreted to afford a court more
> expansive powers than does Rule 37, or upon "inherent power," can only obscure
> analysis of the problem before us.

*Société Internationale Pour Participations Industrielles Et Commerciales*, 357 U.S. at 207 (citation
omitted).  Given the noncompliance of discovery orders and failure to appear discovery and case
management conferences are covered by sanctions available under Fed. R. Bankr. P. 16(f) and 37(b), the
Court denies the 362(k) Town Motion on that basis, but would also find, if it needed to reach the issue,
that dismissal under 41(b) would be appropriate as well.

forth herein, the Court hereby grants the Second Dismissal Motion and denies the Debtor's

362(k) Town Motion, with prejudice, pursuant to Fed. R. Civ. P.  16 and 37.


Dated: April 23, 2018                              By the Court,


_____
Christopher J. Panos
United States Bankruptcy Judge